**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

DAMIEN TRIPP,

                            Petitioner,

          - v -                            9:21-CV-0406
                                         (TJM/DJS)

SUPERINTENDENT,

                           Respondent.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**APPEARANCES:**              **OF COUNSEL:**

DAMIEN TRIPP
Petitioner *Pro Se*
16-B-1845
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. LETITIA JAMES
Attorney General for the State of New York    PRISCILLA STEWARD, ESQ.
Attorney for Respondent                  Assistant Attorney General
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Damien Tripp, currently incarcerated at Auburn Correctional

Facility, was convicted following a jury trial of assault in the second degree and two

counts of criminal possession of a weapon in the second degree. Dkt. No 1, Petition

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. §
636(b) and N.D.N.Y.L.R. 72.3(c).

("Pet.") at p. 2; *People v. Tripp*, 177 A.D.3d 1409 (4th Dep't 2019). He was initially sentenced to two fifteen-year terms of imprisonment to run concurrently and one seven-year term to run consecutively, for a total of twenty-two years imprisonment with five years of post-release supervision. *See* Dkt. No. 11, State Court Record ("SR.") at pp. 10-11.[2]   Petitioner appealed his conviction on multiple grounds.  SR. at pp. 525-70 & 604-29. The Appellate Division affirmed the judgment on the law, but modified Petitioner's sentence by ordering all sentences to run concurrently, for an aggregate determinate term of fifteen years, plus five years of post-release supervision. *People v. Tripp*, 177 A.D.3d at 1411.

Petitioner presently seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on multiple grounds. *See* Pet. at pp. 5-11. Petitioner asserts the following grounds for habeas relief: (1) the verdict was against the weight of the evidence, (2) the court erred in ordering his sentences to run consecutively, (3) the sentence was harsh and excessive, (4) the trial court erred in not allowing Petitioner to present a defense, (5) the trial court erred when refusing to grant defense counsel more time to prepare for closing, and (6) the court erred by not administering the oath of truthfulness to the jury. *Id*. Respondent has filed a Memorandum of Law in Opposition to the Petition. Dkt. No. 10, Resp. Mem. of Law. For the reasons that follow, this Court recommends that the Petition be **denied**.

---

[2] Also made a part of the record is the trial transcript which is included in Dkt. Nos. 11-2 through 11-6 and is cited herein as "Tr."

## I.    BACKGROUND

On July 2, 2015, Petitioner was indicted by an Onondaga County Grand Jury on fifteen counts, including second-degree murder, four counts of second-degree criminal possession of a weapon, and second-degree assault. SR. at pp. 14-17. He was arraigned on the indictment in Onondaga County Court on July 15, 2015, and pled not guilty to all charges. *Id*. at p. 9. Following a jury trial, Petitioner was found guilty on May 12, 2016, of only two second-degree criminal possession of a weapon charges and the second-degree assault charge. *Id*.  On June 20, 2016, he was sentenced as outlined above.

The facts underlying Petitioner's conviction as alleged in the indictment and adduced at trial are as follows: On October 18th, 2014, Darnell Patterson was shot in the leg outside of a home in Syracuse, New York. SR. at p. 15. On November 11, 2014, Patterson was shot and killed by a masked gunman inside a Syracuse home. *Id*. at p. 10. Several eyewitnesses to the October 18th shooting - Myrisha Perry, Lisa Crumley, and Joseph Feher - came forward to report details about that night to the police. *Id*.; Tr. at pp. 687-723; 773-813; 821-51. These eyewitness accounts stated that Petitioner and Patterson began arguing outside the home sometime during the night, the argument became heated, and Petitioner pulled out a semiautomatic gun and fired it several times in Patterson's direction. *See* Tr. at pp. 687-851. All eyewitnesses testified at trial, as well as Officer Christopher Cowan, the first police officer on scene, who testified about discovering Patterson's injuries. *See* Tr. at pp. 601-24.

At trial, the defense called two witnesses but only one, Jamie Feher, testified in the presence of the jury. *See* Tr. at pp. 1062-86.  When the defense attempted to call

Petitioner's indicted co-defendant Peter Alwyn as its last witness, the court first had him testify outside the presence of the jury. *Id.* at p. 1086. In response to all questions posed by defense counsel, Mr. Alwyn invoked his privilege against self-incrimination. *Id.* at pp. 1086-87. The judge determined that all of defense counsel's questions tended to incriminate Mr. Alwyn, it was Mr. Alwyn's determination whether to invoke the privilege, and that defense counsel could not call Mr. Alwyn solely to invoke this privilege in front of the jury. *Id.* at pp. 1090-91.

Subsequently, the defense rested its case around 11 a.m. and asked for an adjournment to the following day in order to prepare for summations. Tr. at p. 1092. The judge denied this request, stating that defense counsel had ample time over the weekend to prepare (it was a Tuesday morning), the evidence had not been particularly complicated, and there had already been numerous delays throughout the trial. *Id.* at p. 1093. Summations began at 1 p.m. that same day. *Id.* at p. 1108. The jury found Petitioner guilty of second-degree assault and two counts of criminal possession of a weapon, related to the events on October 18, 2014, but acquitted Petitioner of all charges related to the November 11 incident, including the second-degree murder charge. *Id.* at pp. 1246-47. At sentencing, Petitioner was subject to enhanced sentencing as a second felony offender. SR. at p. 6. Each weapon possession conviction subjected Petitioner to a determinate prison term ranging from five to fifteen years, N.Y. Penal Law § 70.06(6)(b), while the assault conviction carried a determinate prison term ranging from three to seven years. *Id.* § 70.06(6)(c). Petitioner was given the maximum sentence for each charge by the trial court judge. SR. at p. 10; *see* N.Y. Penal Law § 70.06(6)(b) & (c). The judge

further ordered that the two weapons sentences were to run concurrently, but that the sentence for assault was to run consecutively. SR. at p. 10.

Petitioner appealed to the New York Appellate Division, Fourth Department, filing both a counseled and pro se brief. *See* SR. at pp. 525-65; 604-29. In his main brief Petitioner alleged that (1) the verdict was against the weight of the evidence, (2) the trial court erred in ordering the second-degree assault sentence to run consecutively with the sentences imposed on the weapons possession convictions, and (3) the aggregate sentence imposed was harsh and excessive. *Id*. at p. 526. In his pro se supplemental brief, Petitioner further alleged that (4) the trial court abused its discretion in denying the defense's request to call a "material witness," (5) the trial court abused its discretion in the summary denial of the defense's request for a one-day continuance in order to "adequately prepare" its closing argument, and (6) the trial court committed reversible error in taking the "oath of truth" from a panel of prospective jurors out of an "agreed upon sequence." *Id.* at p. 605. The People filed opposing briefs. *Id*. at pp. 571-602, 630-40.

On November 15, 2019, the Appellate Division issued its decision, affirming the judgment as modified. *People v. Tripp*, 177 A.D.3d at 1409-11; SR. at pp. 642-44. As to Petitioner's claim that the trial court erred in ordering the two weapons charge sentences to run consecutively with the sentence for assault, the Court held that the People did not establish that the crimes were committed through separate acts or omissions, and subsequently the "sentence [was] illegal" insofar as it was ordered to run consecutively rather than concurrently. *See People v. Tripp*, 177 A.D.3d at 1410-11. The Court rejected

Petitioner's remaining contentions contained in both his main and pro se brief. *Id*. at 1409-11.

As to the weight of the evidence claim, the court found that "the jury properly considered the issues of credibility, including the inconsistencies in the witnesses' testimony," and that "the jury could have reasonably inferred" that Petitioner intended to shoot the victim in the leg based on all the evidence presented. *Id.* As to Petitioner's claim that his sentence was harsh and excessive, the Court found that "[t]he sentence, as modified, is not unduly harsh or severe." *Id*. As to Petitioner's claim that he was denied the right to present a defense, the Court found that the trial court did not abuse its discretion in preventing Petitioner from calling a witness solely to invoke his claim of privilege against self-incrimination in front of the jury. *See id*. at 1411. As to Petitioner's claim that the trial court abused its discretion in denying the defense's request for a day's adjournment to prepare for summations, the Court found that it was within the trial court's discretion whether to grant an adjournment and that Petitioner made no showing of prejudice stemming from the ruling. *Id*. Finally, as to Petitioner's claim that prospective jurors were not given the requisite oath pursuant to N.Y. Crim. Proc. Law § 270.15(1)(a), the Court found that Petitioner failed to preserve this contention for review and that, in any event, the contention was not supported by the record. *Id.*

Petitioner then filed both a counseled and pro se application seeking leave to appeal to the New York State Court of Appeals. SR. at pp. 645-54. The People opposed the application. *Id.* at pp. 655-56. On January 7, 2020, the Court of Appeals denied leave to Petitioner. *People v. Tripp*, 34 N.Y.3d 1133 (2020).

## II.    STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003).   A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?   2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?   3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).   The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "[A] state

prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413.  A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III.     DISCUSSION

#### A. Procedural Issues

##### 1.  Claims not Cognizable in Federal Habeas Proceeding

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "Simply put, 'federal habeas corpus relief does not lie for errors of state law.'" *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. at 67). Three of Petitioner's claims present pure questions of New York law, which are not cognizable on federal habeas review and thus are no basis for relief.

Petitioner's first claim is that the verdict was against the weight of the evidence. Pet. at p. 5.  Specifically, Petitioner alleges that the prosecution's witnesses gave different and contrary versions of events leading up to, during, and after the crime, that the witnesses suddenly cooperated with police only after a second crime was committed, and that "some" of the witnesses' testimony was "false and incredible as a matter of law." *Id*.

Petitioner's weight of the evidence claim derives from N.Y. Crim. Proc. Law § 470.15(5), "which permits an appellate court in New York to reverse or modify a conviction where it determines 'that a verdict . . . was . . . against the weight of the evidence.'" *Mobley v. Kirkpatrick*, 778 F. Supp. 2d 291, 311 (W.D.N.Y. 2011) (quoting N.Y. Crim. Proc. Law § 470.15(5)). Thus, the claim is "purely a matter of state law . . . not cognizable on habeas review." *Mobley v. Kirkpatrick*, 778 F. Supp. 2d at 312; *see also Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 360 (N.D.N.Y. 2013) ("It is well-settled that

claims attacking a verdict as against the weight of the evidence are not cognizable in a federal habeas proceeding."). Therefore, this claim is not cognizable for federal habeas review.

Petitioner's third claim is that the sentence imposed by the trial court was harsh and excessive. Pet. at p. 8. Petitioner argues that the trial court judge "gave the max[imum] sentence for every charge he could, distressed and angered" by Petitioner's acquittal on the second-degree murder charge. *Id.*

"[F]ederal courts will not review federal claims when the state court's decisions are supported by a state-law reason, [otherwise known as] an independent and adequate state ground." *Clark v. Noeth*, 351 F. Supp. 3d 369, 372 (W.D.N.Y. 2019) (internal quotation and citation omitted). A harsh and excessive sentence claim does not present a cognizable federal question where "the sentence imposed is within statutory limits." *Congelosi v. Miller*, 611 F. Supp. 2d 274, 316 (W.D.N.Y. 2009) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Even when the sentence is the maximum permitted by statute, where it does not "exceed what [is] permissible under New York's sentencing scheme[,]" a "claim that the trial judge abused his discretion in imposing an allegedly harsh and excessive sentence should be dismissed because it fails to present a federal constitutional issue cognizable on habeas review." *Echevarria-Perez v. Burge*, 779 F. Supp. 2d 326, 337-38 (W.D.N.Y. 2011) (citing *White v. Keane*, 969 F.2d at 1383). Here, while Petitioner was given the maximum sentence for

each charge, it was "within the range prescribed by state law," *White v. Keane*, 969 F.2d at 1383, and therefore does not present a cognizable issue for federal habeas relief.

Petitioner's final non-cognizable claim, claim six, is that the trial court erred by not "administering the 1st oath of truthfulness in accordance with C.P.L. 270.15(1)." Pet. at p. 11. Petitioner raised this same claim in his state-level appeal. In that case, the Fourth Department held that he had failed to preserve the issue for appellate review. *People v. Tripp*, 177 A.D.3d at 1411.

Petitioner's claim is based on N.Y. Crim. Proc. Law § 270.15, which governs the state's procedures regarding the examination of prospective jurors. Whether the jury truthfulness oath was given "is an aspect of voir dire, which is solely a state issue." *McLeod v. Graham*, 2010 WL 5125317 at *6 (E.D.N.Y. Dec. 9, 2010). Thus, Petitioner's claim again "presents only a state law issue not cognizable on federal habeas review." *Gonzalez v. Graham*, 2020 WL 7397529 at *13 (N.D.N.Y. Dec. 17, 2020) (citing *Estelle v. McGuire*, 502 U.S. at 67-68) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). Therefore, there is no basis for federal habeas relief.

### 2. *Petitioner's Claim that the Court erred in Ordering his Sentences to Run Consecutively is Moot*

Petitioner's second claim is that the trial court erred in ordering that his sentence for the second-degree assault conviction run consecutively with the sentence for the two second-degree weapons convictions. *See* Pet. at p. 7. "As with all litigants in federal court, a habeas petitioner must satisfy the case or controversy requirement of Article III, § 2, of

the Constitution in order to be eligible for relief." *Burch v. Millas*, 663 F. Supp. 2d 151, 157 (W.D.N.Y. 2009) (citing *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004)). Under Article III, "federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). Under the general rule of mootness, a federal court's jurisdiction ends when "an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief [.]" *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks and citation omitted).

While the Appellate Division rejected nearly all of Petitioner's claims on appeal, it did agree with his assertion that the trial court erroneously ordered his sentences to run consecutively rather than concurrently, and so modified the judgment to correct this error. *See People v. Tripp,* 177 A.D. at 1410-11. Therefore, Petitioner's identical claim in this action is moot, and no further habeas relief is available. *See e.g., Moloi v. Riley*, 762 F. Supp. 36, 39 (E.D.N.Y. 1991) (holding that one of a petitioner's claims was moot where the same relief sought in the habeas petition had already been granted by the state appellate court).

**B.  The Appellate Division Reasonably Applied Supreme Court Precedent in Rejecting Petitioner's Claim That He Was Denied the Right To Present His Defense**

Petitioner's fourth claim is that he was denied the right to present a defense when the court denied "numerous requests" to call his co-defendant as a witness in the presence of the jury. *See* Pet. at p. 10. The Supreme Court has determined that the "Constitution

guarantees criminal defendants 'a meaningful opportunity to present a complete defense[.]'" *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). This right is qualified by the Court's determination that "[t]he claim of privilege [against self-incrimination] and its allowance is properly no part of the evidence submitted to the jury, and no inferences whatever can be legitimately drawn by them from the legal assertion by the witness of his constitutional right." *Johnson v. U.S.*, 318 U.S. 189, 196-97 (1943) (citations omitted). It is within the trial court's discretion "to prevent a party from calling a witness solely to have him or her invoke the privilege against self-incrimination in front of the jury." *United States v. Deutsch*, 987 F.2d 878, 883-84 (2d Cir. 1993). When a trial court renders a decision to exclude the evidence after it has heard arguments from both parties on the issue, as well as the proposed witness's testimony, reviewing courts will "ordinarily assume that [ ] due consideration was given" and uphold the determination. *See United States v. Cavigliano*, 659 F. App'x 65, 67 (2d Cir. 2016) (citing *United States v. Morgan*, 786 F.3d. 227, 232 (2d Cir. 2015)).

On appeal, the Fourth Department perceived "no abuse of discretion" in the trial court's determination that defense counsel was not permitted to call a witness who indicated, outside the presence of the jury, that he planned to invoke his privilege against self-incrimination in response to nearly every question proposed by the defense. *People v. Tripp*, 177 A.D.3d at 1411. This decision constitutes a reasonable application of clearly established Supreme Court precedent, which dictates that "no inference whatever can be legitimately drawn" from a witness's assertion of his constitutional right. *United States v.*

*Johnson,* 38 U.S. at 196-97. Because of the foregoing, Petitioner should be denied habeas relief on this claim.

### C. The Appellate Division Reasonably Applied Supreme Court Precedent in Rejecting Petitioner's Claim That the Denial of a Continuance Deprived Him of Due Process

Petitioner's fifth claim is that the trial court erred and denied Petitioner the right to counsel when it denied defense counsel's request for a one-day adjournment in order to prepare for summations. *See* Pet. at p. 11. As previously recognized, "a fundamental matter of due process [is] that the defendant in a criminal case has the right to present a defense[.]" *Grotto v. Herbert*, 316 F.3d 198, 205-06 (2d Cir. 2003) (citing *Taylor v. Illinois*, 484 U.S. 400, 409 (1988)). This right is qualified by the trial court's "considerable discretion in matters of scheduling, . . . and in seeing that the trial is conducted in a fair, efficient, and orderly manner." *Id.* at 206 (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). If the denial of a continuance, or as in the instant matter, a request for a one-day adjournment to prepare for summations, is the basis for a petitioner's habeas relief, "the petitioner must show not only that the trial court abused its discretion, but also that the denial was so arbitrary and fundamentally unfair that it violated constitutional principles of due process." *Childs v. Herbert*, 146 F. Supp. 2d 317, 322 (S.D.N.Y. 2001); *see also Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) (only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates constitutional due process.) The Court has not prescribed a "mechanical test" that determines when the denial of a continuance violates due process but has stated that "[t]he

answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite* 376 U.S. at 589.

The Fourth Department held on appeal that "[t]he decision whether to grant an adjournment lies in the sound discretion of the trial court," which "will not be overturned absent a showing of prejudice," *People v. Tripp*, 177 A.D.3d at 1411 (quoting *People v. Adair*, 84 A.D.3d 1752, 1754 (4th Dep't 2011)), and concluded that the lower court did not abuse its discretion in denying Petitioner's request for a one-day adjournment, and that defendant had made no showing that he was prejudiced by the ruling. *See id*. Further, in denying a one-day adjournment in favor of a two-hour adjournment instead, the trial court reasoned that defense counsel had ample time over the weekend to prepare, the evidence had not been particularly complicated in the case, and there had already been numerous delays throughout trial. Tr. at pp. 1092-93. Therefore, the Appellate Court's determination that that the trial court did not unreasonably and arbitrarily insist on expedience in denying Petitioner's request for a one-day adjournment reflects a reasonable application of Supreme Court precedent.

## IV.   CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[3] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  June 22, 2022
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").