**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────

**DAMIEN TRIPP,**

                                **Petitioner,**

        **v.**                                                **9:21-cv-0406**

**SUPERINTENDENT,**

                                **Respondent.**

─────────────────────────────────────

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

## I.        INTRODUCTION

Petitioner Damien Tripp ("Petitioner" or "Tripp"), proceeding *pro se*, filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1

("Petition" or "Pet."), at pp. 5-11.[1]  The unnamed Respondent Superintendent

("Respondent"), represented by the Office of the Attorney General of the State of New

York, responded by filing an Answer and Memorandum of Law in opposition to the

Petition.  *See* ECF Nos. 10, 10-1.  Although afforded an opportunity to file a Reply, *see*

EFC No. 6, at 3-4, Petitioner failed to do so.

The Hon. Daniel J. Stewart, United States Magistrate Judge, reviewed the matter

and recommends that the Court dismiss the Petition and decline to issue a certificate of

appealability. *See* Report-Recommendation and Order ("Report"), ECF No. 13.

─────────────

[1] Citations to the Petition refer to the pagination generated by CM/ECF, the
Court's electronic filing system.

Petitioner filed extensive objections. *See* Petitioner's Objections ("Obj."), ECF No. 19.[2]

Respondent filed a letter requesting that, for the reasons stated in the Memorandum of

Law in opposition to the Petition and for the reasons stated by Judge Stewart in his

Report, the Court deny the Petition in its entirety and decline to issue a certificate of

appealability. ECF No. 20.  For the following reasons, the Petition is denied and

dismissed, and the Court declines to issue a certificate of appealability.

## II.    BACKGROUND

The Court presumes familiarity with the background of this case as set forth in

Judge Stewart's Report. *See generally*, Report.  Suffice it to say that on July 2, 2015,

Petitioner was indicted by an Onondaga County, New York, grand jury on fifteen counts,

including second-degree murder, four counts of second-degree criminal possession of a

weapon, and second-degree assault.  Following a jury trial, Petitioner was found guilty

of only two second-degree criminal possession of a weapon charges and the second-

degree assault charge, and acquitted on the other charges.  At trial, the evidence

showed that "[Petitioner] shot the victim in the leg during an argument at a party in

October 2014, and the same victim was shot and killed by a masked gunman

approximately one month later, in November 2014.  After the victim's murder, several

people who had attended the October 2014 party identified [Petitioner] as having been

---

[2]Petitioner's objections are 54 pages. *See* ECF No. 19.  The Local Rules provide that "[o]bjections may not exceed twenty-five (25) pages without the Court's prior approval." NDNY LR 72.1(c). Petitioner requested, and received, an extension of time in which to file objections to Judge Stewart's Report, but he did not request or receive permission to file objections in excess of the twenty-five (25) page limit. *See* ECF Nos. 16, 18.  Nevertheless, given Petitioner's *pro se* status, the Court will consider the entirety of Petitioner's objections although any future filings that fail to comply with the Local Rules will be stricken.

present that night and as having shot the victim. [Petitioner] was charged with both assault and murder, but was convicted only with respect to the charges associated with the October 2014 shooting, and was acquitted on all charges related to the November 2014 murder." *People v. Tripp*, 177 A.D.3d 1409, 1409 (N.Y. App. Div. 4th Dept. 2019); *see* Report at 3-5.  Petitioner was initially sentenced to two fifteen-year terms of imprisonment to run concurrently and one seven-year term to run consecutively, for a total of twenty-two years imprisonment with five years of post-release supervision. *See* Report at 2, 4-5.

Petitioner appealed his conviction on multiple grounds. *See Tripp*, 177 A.D.3d 1409.  In his main brief, Petitioner alleged that (1) the verdict was against the weight of the evidence, (2) the trial court erred in ordering the second-degree assault sentence to run consecutively with the sentences imposed on the weapons possession convictions, and (3) the aggregate sentence imposed was harsh and excessive. *See* Report p. 5. In his *pro se* supplemental brief, Petitioner further alleged that (4) the trial court abused its discretion in denying the defense's request to call a "material witness," (5) the trial court abused its discretion in the summary denial of the defense's request for a one-day continuance in order to "adequately prepare" its closing argument, and (6) the trial court committed reversible error in taking the "oath of truth" from a panel of prospective jurors out of an "agreed upon sequence." *Id.*  The People of the State of New York ("People") filed opposing briefs.  *Id.*

The New York Supreme Court, Appellate Division, Fourth Department ("Fourth Department" or "Appellate Division "), modified Petitioner's sentence by ordering all sentences to run concurrently, for an aggregate determinate term of fifteen

years, plus five years of post-release supervision. *See Tripp*, 177 A.D.3d at 1410–11.

But the Appellate Division  rejected Petitioner's remaining contentions contained in both

his main and *pro se* briefs, affirming the judgment on the law. *Id.* at 1409-11.

> As to the weight of the evidence claim, the [Appellate Division ] found that
> "the jury properly considered the issues of credibility, including the
> inconsistencies in the witnesses' testimony," and that "the jury could have
> reasonably inferred" that Petitioner intended to shoot the victim in the leg
> based on all the evidence presented. *Id.* As to Petitioner's claim that his
> sentence was harsh and excessive, the [Appellate Division] found that "[t]he
> sentence, as modified, is not unduly harsh or severe." *Id.* As to Petitioner's
> claim that he was denied the right to present a defense, the [Appellate
> Division] found that the trial court did not abuse its discretion in preventing
> Petitioner from calling a witness solely to invoke his claim of privilege
> against self-incrimination in front of the jury. *See id.* at 1411. As to
> Petitioner's claim that the trial court abused its discretion in denying the
> defense's request for a day's adjournment to prepare for summations, the
> [Appellate Division] found that it was within the trial court's discretion
> whether to grant an adjournment and that Petitioner made no showing of
> prejudice stemming from the ruling. *Id.* Finally, as to Petitioner's claim that
> prospective jurors were not given the requisite oath pursuant to N.Y. Crim.
> Proc. Law § 270.15(1)(a), the [Appellate Division] found that Petitioner
> failed to preserve this contention for review and that, in any event, the
> contention was not supported by the record. *Id.*

Report, at 6.

Petitioner filed both counseled and *pro se* applications seeking leave to appeal to

the New York State Court of Appeals. *See* Report, at 6.  The People opposed the

applications. *Id.*  On January 7, 2020, the Court of Appeals denied leave to appeal.  *See*

*People v. Tripp*, 34 N.Y.3d 1133 (N.Y. 2020).  Petitioner did not file a petition for a writ

of certiorari. Pet. at 3.[3]

---

[3] Petitioner also filed a petition for a writ of error coram nobis. Pet. at 3. Petitioner
argued that he was entitled to relief because "[a]ppellate counsel was ineffective for not
claiming that trial counsel was ineffective for failing to properly and timely file the notice
of appeal." *Id.* Petitioner failed to indicate when this petition was filed, whether it has
been decided or appealed, and what dates those decisions, if any, were issued. *Id.*
However, all the claims in the present Petition were previously raised by Petitioner on

In the Petition, Petitioner contends he is entitled to federal habeas relief because (1) the verdict was against the weight of the evidence, Pet. at 5-7 (Ground 1); (2) the trial court erred in ordering that Petitioner's sentences run consecutively, *id.* at 7-8 (Ground 2); (3) the sentence imposed was harsh and excessive, *id.* at 8-10 (Ground 3); (4) the trial court abused its discretion when it prevented Petitioner from presenting his defense, *id.* at 10 (Ground 4); (5) the trial court erred when it denied Petitioner's trial counsel's request for an adjournment to prepare for summations, *id.* at 11 (Ground 5); and (6) the trial court erred by not properly swearing in the jurors, *id.* (Ground 6).  Upon review, Judge Stewart recommends that each claim be denied and that the Court decline to issue a certificate of appealability. *See generally*, Report.

Petitioner objects to Judge Stewart's recommendations as to the claims in Grounds 1, 3, 4, 5, and 6, but not to the claim in Ground 2 claim which Judge Stewart found to be moot. *See generally* Obj.  As discussed below, Petitioner's objections present arguments and evidence that goes far beyond that which was provided to Judge Stewart, and in some instances appear to present new claims that are not included in the Petition. *See id.*

## III.   LEGAL STANDARDS

### Review of Report-Recommendations

---

direct appeal and Petitioner did not include any ineffective assistance of counsel claims in his present Petition. *Compare Tripp*, 177 A.D. 3d at 1409-11 & Pet. at 2, *with* Pet. at 5-11. Therefore, it appears that Petitioner has exhausted the claims raised in the Petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the state courts to have "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.'" *Fossil Grp., Inc. v. Angel Seller LLC*, 627 F. Supp. 3d 180, 186 (E.D.N.Y. 2022) (quoting *Goonewardena v. N. Shore Long Island Jewish Health Sys.*, No. 11-cv-2456, 2013 WL 1211496, at *5 (E.D.N.Y. Mar. 25, 2013)). Clear error exists when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *Witherspoon v. Colvin*, No. 18 CIV. 4816 (DC), 2023 WL 2134873, at *2 (E.D.N.Y. Feb. 21, 2023). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven,*

*Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009)(internal quotation marks and citation

omitted).

> "The objections of parties appearing *pro se* are 'generally accorded leniency'
> and should be construed 'to raise the strongest arguments that they
> suggest.'" [*Reyes v. LaValley*, No. 10-CV-2524, 2013 WL 4852313, at *1
> (E.D.N.Y. Sept. 10, 2013)] (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008
> WL 4410131, at *3-*4 (S.D.N.Y. Sept. 26, 2008)). But "where objections are
> merely perfunctory responses, argued in an attempt to engage the district
> court in a rehashing of the same arguments set forth in the original petition,"
> the standard of review is clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444,
> 451 (S.D.N.Y. 2008) (quoting *Vega v. Artuz*, No. 97-CV-3775, 2002 WL
> 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (internal quotation marks
> omitted).

*Witherspoon*, 2023 WL 2134873, at *2.

Moreover, a party cannot invoke *de novo* review by citing new facts or making

new arguments that the party could have presented before the magistrate judge yet did

not. *See Thompson v. Elev8 Ctr. New York, LLC*, No. 20-CIV-9581 (PGG/JLC), 2023

WL 6311591, at *8 (S.D.N.Y. Sept. 28, 2023; *Fossil Grp.*, 627 F. Supp. 3d at 186–87;

*Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals

Corp., et al.*, No. 17 Civ. 6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020);

*Santiago v. City of New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept.

27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017).   "[F]or the district judge to

review new evidence or arguments would reduce the magistrate's work to something

akin to a meaningless dress rehearsal," *Michalow v. East Coast Restoration &

Consulting Corp.*, No. 09-cv-5475, 2018 WL 1559762, at * 6 (E.D.N.Y. Mar. 31,

2018)(quotations and citation omitted), and would frustrate the congressional objective

behind § 636(b)(1) which is intended to alleviate the congestion of litigation in the district

courts. *See also Montalvo v. Paul Bar & Rest. Corp.*, No. 1:22-CV-1423 (JLR/SN), 2023

WL 5928361, at *1 (S.D.N.Y. Sept. 13, 2023);[4] *cf. U.S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980)("[T]o construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts.").

Likewise, in habeas cases, courts will not consider any claims raised by a petitioner in his objections which were not raised in the petition. *See Bowie v. Lee*, 2021 WL 6127048, at *12 (S.D.N.Y., 2021); *Davis v. Herbert*, No. 00-CV-6691, 2008 WL 495316, at *1 (S.D.N.Y. Feb. 25, 2008); *McPherson v. Johnson*, No. 95-CV-9449, 1996 WL 706899, at *2 (S.D.N.Y. Dec. 9, 1996); *see also Gonzalez v. Garvin*, No. 99-CV-11

---

[4] The Court in *Montalvo* stated:

With respect to dispositive motions, a district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). A district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.' ... 'The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Vega v. Artuz*, No. 97-cv-03775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "In addition, new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal citation and quotation marks omitted); *see United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (rejecting argument raised for the first time as objection to report and recommendation).

2023 WL 5928361, at *1.

062, 2002 WL 655164, at *1 (S.D.N.Y. Apr. 22, 2002) (rejecting objection containing ineffective assistance of appellate counsel argument regarding a federal speedy trial claim "because it was not raised in [petitioner's] original petition, but only in his objections to the Magistrate's Report")(citing *Nelson v. Smith,* 618 F. Supp. 1186, 1191 n. 5 (S.D.N.Y.1985) (stating that where a claim for habeas corpus is first made in the objections to a Magistrate's Report and Recommendation, the court cannot consider the claim)); *id.* at * 2 ("Petitioner's second objection must also be dismissed because it offers a new legal argument that was not presented in his original petition, nor in the accompanying Memorandum of Law.")(citing *Abu–Nassar v. Elders Futures, Inc.,* No. 88 Civ. 7906, 1994 WL 445638, at *4 n. 2 (S.D.N.Y. Aug. 17, 1994) (stating that new arguments raised in objections to a Magistrate's Report and Recommendation are untimely)). "To consider new legal arguments at this point would undermine 'the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.'" *Gonzalez*, 2002 WL 655164, at *2 (quoting *Abu–Nassar,* 1994 WL 445638, at *4 n. 2, and citing *Robinson v. Keane,* No. 92 Civ. 6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999)).

Moreover, raising new claims in the objections is contrary to the rules applicable to section 2254 habeas proceedings, *see* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)(1) & (c)(2)("The petition must (1) specify all grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground."), and doing so without obtaining leave to amend the Petition deprives the State of appropriate notice. *Cf. Gomez v. Miller*, No. 9:19-CV-1571 (TJM), 2021 WL 5446979, at *14 (N.D.N.Y. Nov. 22, 2021)("[C]ourts have observed that a traverse, or reply, is not

a proper vehicle for raising additional grounds for habeas relief, and claims raised for the first time in such a pleading have been considered as not properly before the court. . . . To raise additional grounds [in a traverse], a petitioner must file an amended petition to provide adequate notice to the state of additional claims.")(internal quotation marks and citations omitted); *see also Lalonde v. Thomas*, No. 9:20-CV-1561 (GTS), 2022 WL 1303918, at *14, n. 4  (N.D.N.Y. May 2, 2022);[5] *Lee v. Greene*, No. 9:05-CV-1337 GTS/DEP, 2010 WL 5779440, at *5 (N.D.N.Y. Dec. 15, 2010),[6] *report and*

---

[5] Judge Suddaby stated in *Lalonde*,

Petitioner raised additional grounds for his prosecutorial misconduct claim in his Traverse. Traverse at 22. "[C]ourts have observed that a traverse, or reply, is not a proper vehicle for raising additional grounds for habeas relief, and claims raised for the first time in such a pleading have been considered as not properly before the court." *Lee v. Greene*, No. 9:05-CV-1337 (GTS/DEP), 2010 WL 5779440, at *5 (N.D.N.Y. Dec. 15, 2010) (citing Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)(1)), *report and recommendation adopted*, 2011 WL 500673 (N.D.N.Y. Feb. 10, 2011). Prosecutorial misconduct claims based upon the prosecutor's reference to DNA in the summation were not raised in the Petition. Moreover, petitioner did not indicate to the Court, prior to filing his Traverse, that he intended to assert new or additional claims. Therefore, respondent was not afforded an adequate opportunity to address these additional claims and those claims are rejected. *Howard*, 2008 WL 3925466, at *1; *see also Parker v. Smith*, 858 F.Supp.2d 229, 233 (N.D.N.Y. 2012) (refusing to address new arguments raised in the traverse that were not in the petition because a traverse or reply is not the proper pleading in which to raise additional grounds for habeas relief) (citations omitted); *Parker v. Duncan*, No. 9:03-CV-0759 (LEK/RFT), 2007 WL 2071745, at *6 (N.D.N.Y. July 17, 2007), *aff'd,* 255 Fed. App'x 565 (2d Cir. 2007).

2022 WL 1303918, at *14, n. 4.

[6] Judge Peebles stated in *Lee*:

Construing [Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts], courts have observed that a traverse, or reply, is not a proper vehicle for raising additional grounds for habeas relief, and claims raised for the first time in such a pleading have been considered as not properly before the court.  Petitioner's additional claims related to the weight of the evidence, the propriety of his sentence, and a witness competency issue were not contained in or advanced in his initial petition, nor were they the subject of a successful motion for

*recommendation adopted,* No. 9:05-CV-1337 GTS/DEP, 2011 WL 500673 (N.D.N.Y. Feb. 10, 2011).

### Writs of Habeas Corpus pursuant to 28 U.S.C. § 2254

For habeas petitions brought under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003).  "As a threshold matter, a federal court may not grant a habeas petition where the petitioner is in custody pursuant to a judgment of a state court unless the petitioner 'has exhausted the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), or such process is unavailable or ineffective, *see id.* § 2254(b)(1)(B)." *Witherspoon,* 2023 WL 2134873, at *2.

"Moreover, 'federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009) (citation and internal quotation marks omitted)). "That is, federal courts may not review a state court ruling that 'fairly appear[s] to rest primarily on state procedural law,' so long as the procedural bar is 'adequate to support the judgment.'" *Id.* (quoting *Murden v. Artuz*, 497 F.3d 178, 191-92 (2d Cir. 2007) (citations omitted)).  "Federal courts in this Circuit have repeatedly held that the

---

leave to amend. For these reasons, I recommend that they not be considered in this proceeding.

2010 WL 5779440, at *5–6

gatekeeping provisions of New York law governing a petitioner's failure to raise a claim on direct appeal 'represent[ ] the application of a firmly established and regularly followed New York rule.'" *Id.* (quoting *Williams v. Goord*, 277 F. Supp. 2d 309, 318-19 (S.D.N.Y. 2003) (citations omitted)).

Where a petitioner's claim was adjudicated on the merits in state court, a federal court may not grant habeas relief on such a claim unless the state court adjudication of that claim either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Harrington v. Richter*, 562 U.S. 86, 97-98 (2011); *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017); *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006); *Witherspoon,* 2023 WL 2134873, at *2.

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision."

*Williams v. Taylor*, 529 U.S. at 412.  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre,* 246 F.3d 76, 88 (2d Cir. 2001).

The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state  prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103; *see also Witherspoon,* 2023 WL 2134873, at *2 ("A federal court may reverse a state court ruling only where it was 'so lacking in justification that there was ... [no] possibility for fairminded disagreement.'")(quoting *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (per curiam), in turn quoting *Harrington*, 562 U.S. at 103, and citing *Wetzel v. Lambert*, 565 U.S. 520, 524 (2012) (per curiam)).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "Simply put, 'federal habeas corpus relief does not lie for errors of state law.'" *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. at 67).

> "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quotation marks omitted). Consequently, a federal court must deny a habeas petition in some circumstances even if the court would have reached a conclusion different than the one reached by the state court, because "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102; *see also* [*Cullen v. Pinholster*, 563 U.S. 170, 202-03 (2011)] ("Even if the [Federal] Court of Appeals might have reached a different conclusion as an initial matter, it was not an unreasonable application of our precedent for the [state court] to conclude that [the petitioner] did not establish prejudice."); *Hawthorne v. Schneiderman*, 695 F.3d 192, 197 (2d Cir. 2012) ("Although we might not have decided the issue in the way that the [New York State] Appellate Division did—and indeed we are *troubled by the outcome we are constrained to reach*—we ... must defer to the determination made by the state court...." (emphasis added) (citation omitted)).

*Bowie*, 2021 WL 6127048, at *8.

## IV.   DISCUSSION

### a. Ground 1

In Ground 1, Petitioner asserts that the verdict was against the weight of the evidence.  Judge Stewart found that this claim "is 'purely a matter of state law . . . not cognizable on habeas review.'" *See* Report at 9 (quoting *Mobley v. Kirkpatrick*, 778 F. Supp. 2d 291, 312 (W.D.N.Y. 2011) and citing *Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 360 (N.D.N.Y. 2013) ("It is well-settled that claims attacking a verdict as against the weight of the evidence are not cognizable in a federal habeas proceeding.")).  Petitioner

concedes, as he must, that claims challenging verdicts as against the weight of the evidence are not cognizable on federal habeas review. *See* Obj. at 3; *see also McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed. App'x 69, 75 (2d Cir. 2011) ("[T]he argument that the verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus.") (citing cases). Accordingly, Petitioner's Ground 1 claim as stated in the Petition is denied.

Petitioner argues, however, that his weight of the evidence claim also raises an insufficiency of the evidence claim invoking federal constitutional due process considerations. *See* Obj. at 3.  Under the heading "The verdict is against the weight of the evidence," Petitioner offers a litany of reasons why his Ground 1 claim should be granted. *See id.*, at 4-33. This includes that the trial court erred by denying Petitioner's motion to sever the charges related to the October 2014 shooting from those related to the November 2014 murder, *id.* at 4-6, 7, 11, 30; that the Appellate Division "failed to examine the record in full," *id.* at 6-7; that the prosecution knowingly presented perjured testimony, manipulated witnesses, and lacked sufficient evidence to sustain the convictions, *id.* at 7-10, 12-33; that the prosecution failed to conduct forensic testing that purportedly would have exonerated Petitioner, *id.* at 27-28, 33; that his trial counsel provided ineffective assistance of counsel "by not utilizing" exculpatory evidence derived from the physical and forensic evidence and from the witnesses' testimonies which were contradictory and inconsistent with their prior statements, *id.* at 33; and that the prosecution committed *Brady* violations, *id.* at 33.

Petitioner is correct on the law that a state law claim that a verdict is against the weight of the evidence may be deemed a federally cognizable claim of legal

insufficiency. *See Williams v. Lavalley*, No. 9:12-CV-01141-JKS, 2014 WL 1572890, at *3 (N.D.N.Y. Apr. 17, 2014)("[F]ederal courts in New York have suggested that a petitioner who raises a state law weight of the evidence claim on direct appeal has both raised and exhausted a constitutional sufficiency of the evidence claim for federal habeas purposes.")(citing *Wilson v. Heath,* 938 F.Supp.2d 278, 290–91 (N.D.N.Y.2013); *Liberta v. Kelly,* 839 F.2d 77, 80 n. 1 (2d Cir.1988); *Howie v. Phillips,* No. 03 Civ. 9757, 2004 WL 2073276, at *4 (S.D.N.Y. Sept.17, 2004) (concluding that a *pro se* petitioner is deemed to have raised a challenge to the legal sufficiency of the evidence by asserting that the verdict was against the weight of the evidence)).  But even deeming such a claim to have been implied in Ground 1, Petitioner's arguments of legal insufficiency fail to merit habeas relief.

"Regarding legal sufficiency, due process requires that the prosecution establish a defendant's guilt as to all elements of a criminal offense beyond a reasonable doubt." *Geroyianis v. Chappius*, No. 6:14-CV-06363 (MAT), 2015 WL 7308668, at *3 (W.D.N.Y. Nov. 19, 2015)(citing *In re Winship*, 397 U.S. 358, 364 (1970)).  "A verdict will be deemed consonant with due process principles if, after viewing the evidence in the light most favorable to the prosecution, '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). "Thus, a petitioner 'bears a very heavy burden' when challenging the sufficiency of the evidence supporting his state criminal conviction." *Id.* (quoting *Einaugler v. Supreme Court of the State of New York*, 109 F.3d 836, 840 (2d Cir. 1997)).

Turning first to Petitioner's contentions that that the prosecution knowingly presented perjured testimony, manipulated witnesses, and lacked sufficient evidence to sustain his convictions, the contentions are based upon Petitioner's review of the trial evidence and the subjective conclusions he draws therefrom.  However,

> [Tripp] misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law. This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Under *Jackson,* the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction of the crime as prescribed by state law.

*Robinson v. Graham*, 671 F. Supp. 2d 338, 359–60 (N.D.N.Y. 2009)(cleaned up); *see also Flowers v. Noeth,* 9:20-CV-997 (BKS/ATB), 2021 WL 4267814, at *7 (N.D.N.Y. July 27, 2021),[7] *report and recommendation adopted,* 2021 WL 4262666 (N.D.N.Y. Sept. 20, 2021).

---

[7] As Judge Baxter stated:

In assessing a petitioner's request for habeas relief, "the critical inquiry on review of [a claim challenging] the sufficiency of the evidence ... [is] whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). The reviewing court must determine if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original); *see also McDaniel v. Brown,* 558 U.S. 120, 132-33 (2010) (reaffirming standard).

In so doing, the reviewing court must be mindful that, when "faced with a record of historical facts that supports conflicting inferences [it] must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos v. Smith,* 565 U.S. 1, 7 (2011) (internal quotation marks and citations omitted); *see also Cole v. Miller,* No. 9:19-CV-01093 (JKS), 2021 WL 1267802, at *5 (N.D.N.Y.

Petitioner was convicted of two counts of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03 (1)(b) and (3), and one count of assault in the second degree in violation of N.Y. Penal Law § 120.05 (2). *Tripp*, 177 A.D.3d at 1409.  Under New York law, "[a] person is guilty of criminal possession of a weapon in the second degree when: (1) with intent to use the same unlawfully against another, such person . . . (b) possesses a loaded firearm, . . . or (3) such person possesses any loaded firearm." N.Y. Penal Law § 265.03(1)(b) & (3).   "A person is guilty of assault in the second degree when: . . .  2. With intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."  N.Y. Penal Law § 120.05(2).  The Appellate Division  reviewed the evidence presented at trial and, based upon that evidence and the reasonable inferences the jury could have drawn, rejected Petitioner's contention that the verdict was against the weight of the evidence. *See Tripp*, 177 A.D.3d at 1409–10.

Based on the record presently before this Court, the testimony and other proof presented at trial provided sufficient evidence to sustain Petitioner's conviction.  The Appellate Division  accurately summarized the trial evidence. This showed that four witnesses to the October 2014 shooting testified that Petitioner was present on the night

---

Apr. 6, 2021) ("[The reviewing court] may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inference, or considered the evidence at trial."). A habeas petitioner who claims that the evidence was insufficient to sustain a conviction bears a "very heavy burden." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000).

2021 WL 4267814, at *7.

that the victim was shot, that he argued with the victim, and that he fired a gun in the victim's direction. *Tripp*, 177 A.D.3d at 1409.  The Court agrees with the Appellate Division's conclusion that "the jury could have reasonably inferred that [Petitioner] was aiming his gun at the victim with intent to cause him physical injury based on the evidence that [Petitioner] had been arguing with the victim prior to the shooting, and that witnesses testified that [Petitioner] fired multiple shots from close range in the victim's direction." *Id.*, at 1410.  Viewing the evidence in the light most favorable to the prosecution, this Court is satisfied that a rational trier of fact could have convicted Petitioner of two counts of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03 (1)(b) and (3), and one count of assault in the second degree in violation of N.Y. Penal Law § 120.05 (2).  Accordingly, no *Jackson* violation could be established here.

To the extent Petitioner argues that he is entitled to habeas relief because the prosecution failed to perform forensic testing which purportedly would have exonerated Petitioner, the argument is insufficient to merit habeas relief.  As indicated by the Appellate Division, witness testimony was sufficient to support Petitioner's conviction.  Thus, regardless of the prosecution's failure to conduct forensic testing, there was sufficient evidence, accepted as credible by the jury, to sustain Petitioner's conviction.  Again, no *Jackson* violation could be made out. *See Williams,* 2014 WL 1572890, at *4.  Further, such a claim was not presented in the Petition.

To the extent Petitioner argues that it is entitled to habeas relief because the Appellate Division "failed to examine the record in full," the argument is rejected.  Petitioner's argument in this regard is based upon Petitioner's surmise that the

Appellate Division did not review the record in full because, in Petitioner's view, the facts and evidence did not support his conviction. *See* Obj. at 6.  Petitioner's speculation based upon his own subjective review of the evidence fails to meet his very heavy burden of establishing that there was insufficient evidence to convict him. As stated above, the testimony and other proof presented at trial provided sufficient evidence to sustain Petitioner's conviction; the Appellate Division accurately summarized the trial evidence; the Court agrees with the Appellate Division's conclusion that the jury could have reasonably inferred that Petitioner intended to cause physical injury to the victim when Petitioner fired multiple gun shots from close range in the victim's direction; and viewing the evidence in the light most favorable to the prosecution, this Court is satisfied that a rational trier of fact could have convicted Petitioner of two counts of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03 (1)(b) and (3), and one count of assault in the second degree in violation of N.Y. Penal Law § 120.05 (2).  Accordingly, as also stated above, no *Jackson* violation could be established here.  Further, Petitioner's claim that the Appellate Division failed to examine the record in full is rejected as having been presented in the Objections but not in the Petition, and because review of the Appellate Division's decision itself "is beyond the purview of this Court in a federal habeas proceeding." *Robinson*, 671 F. Supp. 2d at 360.

To the extent Petitioner argues that he is entitled to habeas relief because the trial court failed to grant his motion to sever the October 2014 charges from the charges associated with the November 2014 murder, *see* Obj. at 4-6, 7, 11, the argument fails to establish that he was denied the right to a fair trial.  The record reflects that the jury was

able to separate the evidence regarding the October 2014 shooting and the November 2014 murder inasmuch as Petitioner was acquitted on all charges related to the latter. Petitioner's contention that he had "important testimony regarding and supporting his innocence" on the shooting but had to refrain from testifying because of the "homicide penalties," Obj. at 11, is a bald conclusory allegation that fails to meet Petitioner's "very heavy burden" of establishing that no rational trier of fact could have found the essential elements of the crimes of conviction beyond a reasonable doubt.

To the extent Petitioner attempts to insert an independent claim through the Objections that his constitutional rights were violated because the trial court failed to grant his motion for severance, the attempt is rejected. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Bowie*, 2021 WL 6127048, at *9 (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and quotation marks omitted), and citing 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....")). "To satisfy this requirement, 'the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'" *Id. (*quoting *Baldwin*, 541 U.S. at 29 (quotation marks omitted), and citing 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the

meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")).

Petitioner fails to establish that he presented the issue of severance to the Appellate Division on direct review. Because any claim arising from the denial of Petitioner's motion for severance is record based, Petitioner necessarily had to present the claim to the Fourth Department on direct review. *See, e.g., Bowie,* 2021 WL 6127048, at *10;[8] *see id.* ("New York permits only one application for direct review.")(citing *Jiminez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) ("[The petitioner] has already taken his one direct appeal [under New York law]...."). "'New York procedural rules bar its state courts from hearing either claims that could have been raised on direct appeal but were not, or claims that were initially raised on appeal but were not presented to the Court of Appeals.'" *Id.* (quoting *Sparks v. Burge*, No. 12-CV-8270, 2012 WL 4479250, at *4 (S.D.N.Y. Sept. 18, 2014)).

Where "a petitioner no longer has any available state court remedy, . . . the claims are therefore deemed exhausted, but procedurally defaulted." *Id.* at *11 (citing

---

[8] The Court in *Bowie* explained:

[I]n New York a defendant may challenge a conviction based on matters not in the record that could not have been raised on direct appeal, *see* N.Y. Crim. Proc. Law § 440.10(1)(f), but a defendant may not seek collateral review of claims that could have been raised on direct appeal and were not, *see id.* § 440.10(2)(c); *see also O'Kane v. Kirkpatrick*, No. 09-CV-5167, 2011 WL 3809945, at *7 (S.D.N.Y. Feb. 15, 2011) ("Under New York law, all claims that are record-based must be raised in a direct appeal.... It is only when a defendant's claim hinges upon facts outside the trial record, that he may collaterally attack his conviction by bringing a claim under [NY] CPL § 440.10."), *adopted by* 2011 WL 3918158 (S.D.N.Y. Aug. 25, 2011).

2021 WL 6127048, at *10.

*Carvajal*, 633 F.3d at 104 ("If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we must deem the claim procedurally defaulted."); *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (noting the reality that deeming an unpresented claim to be exhausted is "cold comfort")).  "A dismissal of a habeas petition on such grounds is a 'disposition ... on the merits.'"  *Id.* (quoting *Carvajal*, 633 F.3d at 104 (quotation marks omitted)).  "'An applicant seeking habeas relief may escape dismissal on the merits of a procedurally defaulted claim only by demonstrating 'cause for the default and prejudice' or by showing that he is 'actually innocent' of the crime for which he was convicted.'" *Id.* (quoting *Carvajal*, 633 F.3d at 104, in turn quoting *Aparicio*, 269 F.3d at 90, and citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004) (holding that "a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default," or showing that the petitioner "is actually innocent of the underlying offense")).  Petitioner fails to establish either cause for the default or his actual innocence.

"In order to demonstrate cause, a defendant must show some objective factor external to the defense such that the claim was so novel that its legal basis [was] not reasonably available to counsel." *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (internal quotation marks and citations omitted); *see also Jiau v. United States*, No. 11 CR. 161-1 (JSR), 2016 WL 11201437, at *4 (S.D.N.Y. Nov. 16, 2016), *report and recommendation adopted,* No. 11-CR-161-1 (JSR), 2018 WL 2122817 (S.D.N.Y. May 8, 2018)("The 'cause' prong of the cause-and-prejudice test requires a showing that 'some

objective factor external to the defense impeded counsel's efforts to comply with the [ ]

procedural rule.'")(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "[T]he mere

fact that counsel failed to recognize the factual or legal basis for a claim, *or failed to*

*raise the claim despite recognizing it*, does not constitute cause for a procedural

default." *Gupta*, 913 F.3d at 85 (emphasis in original).

  The basis for any challenge arising from the trial court's denial of Petitioner's

motion for severance was known to Petitioner at the time he appealed. He presents no

basis upon which to conclude that some objective factor prevented him or his counsel

from raising the issue on appeal. Thus, Petitioner fails to establish cause for his

procedural default.

  Petitioner also fails to establish his actual innocence such to overcome the

procedural bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)("[A]ctual

innocence, if proved, serves as a gateway through which a petitioner may pass" when

faced with a procedural bar.). "'[A]ctual innocence' means factual innocence, not mere

legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1991). "A claim of

actual innocence must be both 'credible' and 'compelling.'" *Rivas v. Fischer*, 687 F.3d

514, 541 (2d Cir. 2012) (quoting *House v. Bell*, 547 U.S. 521, 538 (2006)). A credible

claim "must be supported by 'new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "For the

claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in

light of the new evidence, no reasonable juror would find him guilty beyond a

reasonable doubt—or to remove the double negative, that more likely than not any

reasonable juror would have reasonable doubt.'" *Id.* (quoting *House*, 547 U.S. at 538). "'[T]enable actual-innocence gateway pleas are rare: [a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Ruiz-Solano v. Russell*, No. 22-CV-02303 (HG), 2023 WL 3092880, at *7 (E.D.N.Y. Apr. 26, 2023)(quoting *McQuiggin*, 569 U.S. at 386). Petitioner's argument that the trial court's error in failing to grant his severance motion deprived him of the right to a fair trial is not based on "new reliable evidence" of his innocence. Rather, it is based upon Petitioner's subjective assessment of the weight and sufficiency of the evidence against him. *See* Obj. at 30, 33.  This fails to establish Petitioner's actual innocence.

Thus, any federal constitutional claim arising from the trial court's failure to grant Petitioner's severance motion is procedurally barred.  Furthermore, there is no claim in the Petition on this ground.  Accordingly, to the extent Petitioner seeks habeas relief on this ground, the claim is denied.

To the extent Petitioner argues he was denied a fair trial because his trial counsel provided ineffective assistance "by not utilizing … exculpatory evidence at trial," *see* Obj. at 33, the argument is rejected.  Again, this is a bald conclusory allegation without enough specificity to meet Petitioner's "very heavy burden" of establishing that no rational trier of fact could have found the essential elements of the crimes of conviction beyond a reasonable doubt.

Further, to the extent Petitioner attempts to insert an independent ineffective assistance of counsel claim through the Objections, the attempt is denied.  The Petition

indicates that Petitioner filed a writ of error coram nobis application to the Fourth Department asserting that "Appellate Counsel was ineffective for not claiming that trial counsel was ineffective for failing to properly and timely filed a notice of appeal." *See* Pet. at ¶ 11; *see* fn. 3, *supra*.  However, Petitioner does not assert or provide evidence that he presented to the Appellate Division – or any other state court - that his trial counsel was constitutionally ineffective for failing to utilize exculpatory evidence at trial. Without presentation of an ineffective assistance of counsel argument to a state court on this ground, the matter is not ripe for adjudication on the instant habeas petition. *See Beniquez v. Johnson*, No. 21 CIV. 1467 (PAE), 2023 WL 3948738, at \*15 (S.D.N.Y. June 12, 2023)("To exhaust an ineffective assistance of counsel claim, a petition must have 'asserted in state court the specific conduct giving rise to the claim.'")(quoting *Moreno-Gratini v. Sticht*, No. 19 Civ. 05964 (GHW) (SN), 2022 WL 1425712, at \*7 (S.D.N.Y. Apr. 18, 2022), *report and recommendation adopted*, 2022 WL 1423298 (S.D.N.Y. May 5, 2022), and citing *Caballero v. Keane*, 42 F.3d 738, 740 (2d Cir. 1994) ("To reach the merits of an ineffective representation claim, all of the allegations must have been presented to the state courts.")(alterations omitted); *Castillo v. Walsh*, 443 F. Supp. 2d 557, 566 (S.D.N.Y. 2006) (same)); *Flowers*, 2021 WL 4267814, at 11.[9]  Thus,

---

[9] As Judge Baxter stated in *Flowers*:

Upon review of a habeas petition claiming ineffective assistance of counsel, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction[.]" *Paige v. Lee*, 99 F. Supp. 3d 340, 345 (E.D.N.Y. 2015) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)). Therefore, to the extent a habeas petitioner must show both that counsel's performance was unreasonable and that the state court's decision to the contrary

any independent ineffective assistance of counsel claim asserted in the Objections is denied.[10]

To the extent Petitioner argues he was denied a fair trial because the prosecution committed violations of *Brady v. Maryland*, 373 U.S. 83 (1963), *see* Obj. at 33, the argument is rejected. Petitioner contends that the prosecution committed *Brady* violations by failing to disclose phone records that purportedly showed that Petitioner was, at the time of the October 2014 shooting, at some other location, and by failing to disclose that Khalil Dunaways had asserted that "the police had the wrong guy." *See* Obj. at 33. These contentions fail to provide a basis for habeas relief.

First, the *Brady* violation argument is not included in the Petition, and was not presented to Judge Stewart. Second, "*Brady* is not violated 'unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.'" *Lalonde*, 2022 WL 1303918, at *10 (quoting *Strickler v. Greene*, 527 U.S. 263, 281 (1999)). "Moreover, '*Brady* cannot be violated if the defendant[ ] had actual knowledge of the relevant information or if the documents

---

was unreasonable, a "doubly deferential" standard of judicial review applies to ineffective assistance of counsel claims analyzed under 28 U.S.C. § 2254(d)(1). *Santana v. Capra*, 284 F. Supp. 3d 525, 538 (S.D.N.Y. 2018) (citing *Knowles v. Mirzayance,* 556 U.S. 111 (2009)).

 2021 WL 4267814, at *11.

[10] The Court notes that in 2021, the New York legislature amended Crim. Proc. Law § 440.10 to permit any post-judgment ineffective assistance of counsel claim to be raised in a CPL § 440.10 motion, regardless of whether the claim is based on the record. The Court's determination here is not on the substantive merits so Petitioner is free, if he is able, to present such a claim to the state court. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

are part of public records and defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation.'" *Id.* (quoting *United States v. Zagari*, 111 F.3d 307, 320 (2d Cir. 1997) (internal quotation marks omitted)).

Petitioner's objections indicate that the evidence underlying the phone records was contained in the People's Affirmation of Readiness for Trial. *See* Obj., at 28 (citing SR at 309). Thus, Petitioner had actual knowledge of the relevant information prior to the start of the trial-meaning no *Brady* violation occurred relative thereto. Even assuming Khalil Dunaways stated that "the police had the wrong guy," this fails to establish that there was a reasonable probability that the suppressed evidence would have produced a different verdict in light of the fact that four witnesses testified that Petitioner shot a gun at the victim on the date in question. Further, this evidence of the phone records and Khalil Dunaways's assertion, even when considered together, fails to meet Petitioner's "very heavy burden" of establishing that no rational trier of fact could have found the essential elements of the crimes of conviction beyond a reasonable doubt.

To the extent Petitioner attempts to insert an independent *Brady* violation claim, the attempt is rejected. Petitioner fails to demonstrate that he raised this claim on his direct appeal or in a post-trial § 440.10 motion. Thus, the claim is unexhausted. Further, the claim is procedurally barred because Petitioner could have raised the claim in state court, and because Petitioner fails to demonstrate either cause for failing to raise the claim or his actual innocence. "Having shown neither cause nor a fundamental miscarriage of justice if this claim is not considered, the procedural bar prevents the Court from considering [Petitioner's]

prosecutorial misconduct claim based on alleged *Brady* violations." *Fulton v. Superintendent*, No. 20-CIV-0021 (GBD/SLC), 2022 WL 20704161, at *26 (S.D.N.Y. Oct. 31, 2022), *report and recommendation adopted,* 2023 WL 6318745 (S.D.N.Y. Sept. 28, 2023).

Finally, even considering Petitioner's insufficiency arguments in totality, he fails to establish a viable constitutional insufficiency claim. For these reasons, Petitioner's objections to Judge Stewart's conclusions and recommendation relative to Ground 1 are overruled.  Further, on *de novo* review the Ground 1 claim is denied for the reasons stated by Judge Stewart, *see* Report at 9-10, and for the reasons stated above.

### b. Ground 2

Examining Ground 2 (*i.e.*, whether the trial court erred in ordering that Petitioner's sentence for the second-degree assault conviction run consecutively with the sentence for the two second-degree weapons convictions), Judge Stewart found that this claim "in this action is moot, and no further habeas relief is available." Report, at 12 (citations omitted). Petitioner does not object to this conclusion, essentially conceding that the claim is moot. *See* Obj. at 34.  Judge Stewart's conclusion in this regard is not clearly erroneous. Accordingly, the Court adopts Judge Stewart's recommendation on the Ground 2 claim.

### c. Ground 3

Examining Ground 3 (*i.e.*, whether the sentence imposed by the trial court was harsh and excessive), Judge Stewart concluded:

"[F]ederal courts will not review federal claims when the state court's decisions are supported by a state-law reason, [otherwise known as] an

independent and adequate state ground." *Clark v. Noeth*, 351 F. Supp. 3d 369, 372 (W.D.N.Y. 2019) (internal quotation and citation omitted).  A harsh and excessive sentence claim does not present a cognizable federal question where "the sentence imposed is within statutory limits." *Congelosi v. Miller*, 611 F. Supp. 2d 274, 316 (W.D.N.Y. 2009) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Even when the sentence is the maximum permitted by statute, where it does not "exceed what [is] permissible under New York's sentencing scheme[,]" a "claim that the trial judge abused his discretion in imposing an allegedly harsh and excessive sentence should be dismissed because it fails to present a federal constitutional issue cognizable on habeas review." *Echevarria-Perez v. Burge*, 779 F. Supp. 2d 326, 337-38 (W.D.N.Y. 2011) (citing *White v. Keane*, 969 F.2d at 1383). Here, while Petitioner was given the maximum sentence for each charge, it was "within the range prescribed by state law," *White v. Keane*, 969 F.2d at 1383, and therefore does not present a cognizable issue for federal habeas relief.

Report at 10-11.

In his objections, Petitioner does not argue that Judge Stewart incorrectly concluded that the claim fails to present a cognizable issue for federal habeas relief. Rather, Petitioner argues that the punishment was excessive under the Eighth Amendment, Obj., at 34-35, and seemingly asserts that the Appellate Division deprived him of due process because, in assessing whether the sentence was excessive, it did not consider whether the sentence was the product of an improper *Outley* enhancement. *See id.* at  36 ("The Appellate Court failed to consider the *Outley* enhancement and the aggregate sentence, when it was clearly a prior 'Guilty Plea Agreement', between the Prosecution and the Petitioner, and Petitioner was not given the opportunity, [sic] to withdraw his plea-deal, and was not aware of the maximum possible sentence, [sic] he was then going to be subject to."); *see Janick v. Superintendent, Franklin Corr. Facility*, 404 F. Supp. 2d 472, 476, n. 2 (W.D.N.Y.

2005),[11] *aff'd sub nom. Janick v. Superintendent of Franklin Corr. Facility*, 253 F. App'x 65 (2d Cir. 2007).  Petitioner's arguments are without merit.

First, Petitioner's state court appellate counsel presented an *Outley* enhancement argument to the Appellate Division, which that court evidently rejected. *See* State Court Record ("SR") at 561-64; *Tripp*, 177 A.D.3d. at 1411 ("The sentence, as modified, is not unduly harsh or severe.").  A habeas proceeding is not the proper avenue to challenge a state court determination based on state law. *See Harrington*, 562 U.S. at 102–03.

Second, the Fourth Department's determination resulted in a sentence within the statutory limits, and Petitioner does not argue otherwise.  Thus, as stated by Judge Stewart, Petitioner's harsh and excessive sentence claim does not present a cognizable

---

[11] In *People v. Outley,* 80 N.Y.2d 702 (N.Y. 1993),

the New York Court of Appeals acknowledged that to comply with the constitutional guarantee of due process, a sentencing court "must assure itself that the information upon which it bases the sentence is reliable and accurate." 80 N.Y.2d 702, 594 N.Y.S.2d 683, 610 N.E.2d 356 (citing *Mempa v. Rhay,* 389 U.S. 128, 133, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) and *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)). The defendants in *Outley* had all breached a "no arrest" condition by being arrested prior to sentencing, but all denied complicity in the underlying crime. The Court of Appeals held that "proof that defendant actually committed the post-plea offense which led to the arrest was not necessary" before the court could impose the enhanced sentenced. However, it then had to decide what lesser showing was required by due process. The *Outley* court concluded that the sentencing court "must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation," with the inquiry to "be of sufficient depth ... so that the court can be satisfied-not of defendant's guilty of the new criminal charge-but of the existence of a legitimate basis for the arrest on that charge."

*Janick*, 404 F. Supp. 2d at 476, n. 2.

federal question. *See also Williams v. Lavalley*, No. 9:12-CV-01141 (JKS), 2014 WL 1572890, at *5 (N.D.N.Y. Apr. 17, 2014)("It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law.").

Third, Petitioner's *Outley* enhancement argument raises an issue not specifically pled in the Petition and therefore is an improper issue raised in the Objections.

For these reasons, Petitioner's objections addressed to Judge Stewart's conclusions relative to Ground 3 are overruled.  Further, upon *de novo* review the Court adopts these conclusions for the reasons stated in the Report, *see* Report at 10-11, and as stated above.

### d. Ground 4

In Ground 4, Petitioner contends that the trial court abused its discretion when it prevented Petitioner from presenting his defense.  As Judge Stewart stated, this claim arises from the following facts:

> At trial, the defense called two witnesses but only one, Jamie Feher, testified in the presence of the jury. *See* Tr. at pp. 1062-86. When the defense attempted to call Petitioner's indicted co-defendant Peter Alwyn as its last witness, the court first had him testify outside the presence of the jury. *Id.* at p. 1086. In response to all questions posed by defense counsel, Mr. Alwyn invoked his privilege against self-incrimination. *Id.* at pp.1086-87. The judge determined that all of defense counsel's questions tended to incriminate Mr. Alwyn, it was Mr. Alwyn's determination whether to invoke the privilege, and that defense counsel could not call Mr. Alwyn solely to invoke this privilege in front of the jury. *Id.* at pp. 1090-91.
>
> . . .
>
> As to Petitioner's claim that he was denied the right to present a defense, the [Appellate Division] found that the trial court did not abuse its discretion in preventing Petitioner from calling a witness solely to invoke his claim of privilege against self-incrimination in front of the jury. *See* [*Tripp*, 177A.D. at 1411].

Report at pp. 3-4, 6.

      Addressing this claim, Judge Stewart concluded:

> On appeal, the Fourth Department perceived "no abuse of discretion" in the trial court's determination that defense counsel was not permitted to call a witness who indicated, outside the presence of the jury, that he planned to invoke his privilege against self-incrimination in response to nearly every question proposed by the defense. *People v. Tripp*, 177 A.D.3d at 1411. This decision constitutes a reasonable application of clearly established Supreme Court precedent, which dictates that "no inference whatever can be legitimately drawn" from a witness's assertion of his constitutional right. *United States v. Johnson*, 38 U.S. at 196-97. Because of the foregoing, Petitioner should be denied habeas relief on this claim.

Report, at 13-14.

      In his Objections, Petitioner seizes on the sentence in Judge Stewart's conclusion that Mr. Alwyn indicated that he "planned to invoke his privilege against self-incrimination in response to *nearly* every question proposed by the defense." *See* Obj. at 37 (citing Report at 13 (emphasis added)).   Petitioner contends that "nearly every question" did not rule out that Mr. Alwyn intended to answer some questions, and argues that he was denied his right to due process by being denied the opportunity to fully present his defense case to the jury. *See* Obj., at 37-40, 41-42.   He further contends that he was denied his constitutional rights to confront and cross-examine Mr. Alwyn. *See id.* Petitioner's arguments are without merit.

      A review of the relevant portion of the state court trial transcript reveals that, as Judge Stewart initially stated, "[i]n response to *all* questions posed by defense counsel, Mr. Alwyn invoked his privilege against self-incrimination."   Report at 4 (citing Tr. at pp.1086-87) (emphasis added).   Judge Stewart's use of the adjective "nearly" in his

conclusion does not change the underlying facts. Petitioner's objection in this regard is overruled.

To the extent that Petitioner argues that the People gained an unfair tactical advantage because Mr. Alwyn did not testify before the jury, and that Petitioner was prejudiced because the People acted in "bad faith" by not entering a plea agreement with Mr. Alwyn at the time of trial, *see* Obj. at 40-41, these arguments are rejected. Petitioner does not indicate where, if at all, these arguments were presented to the Appellate Division. Petitioner also fails to establish cause for failing to present these arguments to the state court, and he fails to present a viable basis to conclude that he is actually innocent of the crimes of conviction. Petitioner's subjective belief as to the insufficiency of the trial evidence demonstrating his guilt - or the possibility that someone else might have committed the crimes of conviction - does not establish Petitioner's actual innocence. Thus, the claims presented in these arguments are procedurally barred. Furthermore, the claims presented in these arguments are not contained in the Petition, and they were not presented to Judge Stewart.

To the extent that Petition contends that the trial court's decision to prevent Mr. Alwyn from testifying before the jury violated Petitioner's right to confront and cross-exam Alwyn, the contention fails to merit habeas relief.

> "The Sixth Amendment's confrontation right, which applies equally to defendants in state prosecutions, 'means more than being allowed to confront the witness physically[,]' [and] includes a right of cross-examination, which provides 'the principle means by which the believability of a witness and the truth of his testimony are tested.'" *Nappi v. Yelich,* 793 F.3d 246, 250 (2d Cir. 2015) (quoting *Davis v. Alaska,* 415 U.S. 308, 315, 316 (1974)); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (explaining Confrontation Clause right is "designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination"). "The Confrontation Clause does not, however, guarantee

unfettered cross-examination." *Alvarez v. Ercole*, 763 F.3d 223, 230 (2d Cir. 2014) (citing *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). "The trial court has broad discretion ... to impose reasonable limits on ... cross examination based on concerns about ... harassment, prejudice, confusion of the issues, ... or interrogation that is repetitive or only marginally relevant." *Id.* (internal citation and quotation marks omitted).

"Combining the standard for restricting cross-examination with the AEDPA standard, in order to grant a habeas petition we would have to conclude not only that the trial court abused its 'broad discretion' by precluding cross-examination ... but also that the state Appellate Division could not reasonably have determined that the evidence would have been excludable had the trial court properly applied standard rules of evidence[.]" *Alvarez*, 763 F.3d at 230 (citing *Watson v. Greene*, 640 F.3d 501, 510 (2d Cir. 2011)); *see also Watson*, 640 F.3d at 511 ("On habeas corpus, ... we do not sit to review the trial judge's exercise of discretion, but rather to assess whether the state court's denial of [the defendant's] Confrontation Clause claim was reasonable."). "Moreover, for habeas to be warranted, the trial court's denial must not have been harmless." *McGhee v. Uhler*, No. 17-CV-01103, 2019 WL 4228352, at *8 (S.D.N.Y. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 3852514 (S.D.N.Y. Aug. 12, 2019).

*Flowers*, 2021 WL 4267814, at *9.

Petitioner's objection focuses on the right to confront and cross-examine Mr. Alwyn in an attempt to reargue the Ground 4 claim under a new theory. However, new argument is not allowed in objections and does not warrant *de novo* review. Furthermore, on *de novo* review this Court concludes that that the trial court did not abuse its broad discretion by precluding cross-examination of Mr. Alwyn, and that the Appellate Division reasonably determined that the trial court acted appropriately in light of clearly established Supreme Court precedent. *See Alvarez*, 763 F.3d at 230.

The Court adopts Judge Stewart's recommendation as to the Ground 4 claim for the reasons stated in the Report, *see* Report at 12-14, and for the reasons stated above.

### e.  Ground 5

Petitioner's Ground 5 claim is that the trial court abused its discretion and denied Petitioner the right to counsel when it denied defense counsel's request for a one-day adjournment in order to prepare for summations. *See* Pet. at p. 11.  Judge Stewart reviewed the circumstances surrounding the adjournment request, applicable Supreme Court precedent, and the Fourth Department's decision on Petitioner's claim. *See* Report at 14-15.  Judge Stewart determined that "the Appellate Court's determination that . . . the trial court did not unreasonably and arbitrarily insist on expedience in denying Petitioner's request for a one-day adjournment reflects a reasonable application of Supreme Court precedent." Report, at 15.

In his objections, Petitioner expands upon the reasons why he believes the denial of the adjournment request was unfair and amounted to an abuse of discretion. *See* Obj. at 42-47. This includes the argument that the trial court's decisions to preclude Mr. Alwyn from testifying before the jury and denying the adjournment request amounted to "a deliberate, and concerted effort, made in 'Bad Faith', by both the Prosecutor and the Trial Court, meant solely to deprive" Petitioner of his constitutional rights to a fair trial, to confront the witnesses, and to present a defense. *Id.*, at 43.

The Court has reviewed Petitioner's objections as to Judge Stewart's recommendation relative to the Ground 5 claim and finds them insufficient to challenge Judge Stewarts's recommendation. Thus, the objections are overruled.  Further, upon *de novo* review, the Court dismisses Petitioner's Ground 5 claim for the reasons stated by Judge Stewart. *See* Report, at 14-15.

**e.  Ground 6**

Petitioner's Ground 6 claim is that the trial court erred by not administering the first oath of truthfulness to the jury in accordance with New York Criminal Procedure Law § 270.15(1).  Pet. at 11.  As to Petitioner's claim in his state court appeal that prospective jurors were not given the requisite oath pursuant to N.Y. Crim. Proc. Law § 270.15(1)(a), the Fourth Department found that Petitioner failed to preserve this contention for review and that, in any event, the contention was not supported by the record. *See People v. Tripp*, 177 A.D.3d at 1411.  As to Petitioner's Ground 6 claim, Judge Stewart found:

> Petitioner's claim is based on N.Y. Crim. Proc. Law § 270.15, which governs the state's procedures regarding the examination of prospective jurors. Whether the jury truthfulness oath was given "is an aspect of voir dire, which is solely a state issue." *McLeod v. Graham*, 2010 WL 5125317 at *6 (E.D.N.Y. Dec. 9, 2010). Thus, Petitioner's claim again "presents only a state law issue not cognizable on federal habeas review." *Gonzalez v. Graham,* 2020 WL 7397529 at *13 (N.D.N.Y. Dec. 17, 2020) (citing *Estelle v. McGuire*, 502 U.S. at 67-68) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). Therefore, there is no basis for federal habeas relief.

Report at 11.

In his objections, Petitioner does not challenge Judge Stewart's conclusion that the issue raises a matter of state law not cognizable on federal habeas review. *See* Obj. at 47-49, 53.  Rather, he attacks the Fourth Department's conclusion that the record did not support the claim, and argues that the failure to administer the oath of truthfulness to the prospective jurors amounted to a violation of his constitutional right to due process. *See id.* The Court has reviewed Petitioner's objections in this regard and finds them insufficient to challenge Judge Stewart's conclusion as to the Ground 6 claim as pled in the Petition. Accordingly, Petitioner's objection in this regard is overruled, and on

*de novo* review the Court dismisses Petitioner's Ground 6 claim for the reasons stated by Judge Stewart. *See* Report, at 11.

## V.    CERTIFICATE OF APPEALABILITY

Judge Stewart recommends that no Certificate of Appealability be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). *See* Report at 16 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").  The Court agrees.

## VI.    CONCLUSION

The Court **ACCEPTS** and **ADOPTS** Judge Stewart's Report-Recommendation and Order, ECF No. 13, for the reasons stated therein and for the reasons stated above. Therefore, it is hereby

**ORDERED** that the Petition, ECF No. 1, is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that that no Certificate of Appealability ("COA") will be issued.

**IT IS SO ORDERED.**

Dated: November 8, 2023

Thomas J. McAvoy
Senior, U.S. District Judge